## 1UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

Kelly Abbhul, as PR of Cheryl Abbuhl,
deceased, *et al.*,

      Plaintiffs

v.

R.J. REYNOLDS TOBACCO COMPANY,
*et al.*,

      Defendants.

Case No.: _____

State Case No.:  16-2008-CA-000480

### NOTICE OF REMOVAL OF CIVIL ACTION

Defendants Philip Morris USA Inc. and R.J. Reynolds Tobacco Company ("Removing

Defendants"), pursuant to 28 U.S.C. §§ 1441, 1446, and the Class Action Fairness Act of 2005

("CAFA"), as codified in 28 U.S.C. §§ 1332(d) and 1453, and with full reservation of defenses,

hereby remove this action from the Circuit Court of the Fourth Judicial Circuit in and for Duval

County, Florida to the United States District Court for the Middle District of Florida,

Jacksonville Division.  In support of removal, Removing Defendants state:

      1.    **Basis for Jurisdiction.**  This Court has jurisdiction over this removed action

pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453.  This wrongful death action could have been

filed originally in this Court pursuant to 28 U.S.C. § 1332(d)(2), because it is a mass action

wherein at least one defendant is diverse from at least one plaintiff, and the matter in controversy

exceeds $5,000,000 in the aggregate.

      2.    **Background.**  Plaintiffs are identified as 202 individuals that have been

appointed, or are in the process of being appointed, personal representatives of the estates of the

decedents named in the caption of the Complaint.  *See* Compl. ¶ 1.4, attached as Exhibit 1.  On

- 1 -

January 10, 2008, Plaintiffs commenced this wrongful death lawsuit against Philip Morris USA,

R.J. Reynolds Tobacco Company, and other companies.[1]  *See id.* ¶ 2.1.  Plaintiffs seek to recover

under theories of strict liability, breach of warranties, civil conspiracy, fraudulent concealment,

negligence, and loss of consortium for alleged injuries and deaths sustained by Decedents that

were allegedly caused by smoking cigarettes manufactured by Defendants.  *Id.* at 7-8.

Specifically, Plaintiffs allege that their Decedents suffered from serious diseases and medical

conditions, including death, caused by their addiction to cigarettes.  *Id.* ¶ 1.8.

     **3.**     **The CAFA Citizenship Requirements are Met.**  At least one defendant is a

citizen of a different State than at least one plaintiff.  *See* 28 U.S.C. § 1332(d)(2)(A).

     **a.**     **Citizenship of Plaintiffs.**  For purposes of removal, "a legal

representative of a decedent shall be deemed a citizen only of the same state of the decedent."

28 U.S.C. § 1332(c)(2).  According to the complaint in this case, Decedents were, at the time of

their deaths, residents of the State of Florida.  *See* Compl. ¶ 1.3.  Furthermore, at least one of the

decedents, Frederick G. Afflerbach, was at the time of his death a citizen of this State.  *See* Last

Will and Testament of Frederick G. Afflerbach at ¶ 1, attached as Exhibit 2. Moreover, a Florida

Certificate of Death certifies his address in Florida at the time of death.  See Exhibit 3.  Thus,

Plaintiff Barbara Afflerbach is a Florida citizen for purposes of this removal.

     **b.**     **Citizenship of Defendant Philip Morris USA.**  Philip Morris USA is

now, and was at the time this action was filed, incorporated under Virginia law with its principal

place of business in the State of Virginia.  Philip Morris USA, therefore, is a Virginia citizen.

     **4.**     **This Case Is as a "Mass Action" under CAFA.**  This is an action in which

monetary relief "claims of 100 or more persons are proposed to be tried jointly on the ground

---

[1] Under CAFA, the consent of the other defendants in this action is not required." 28 U.S.C.
§ 1453(b).

104853v1
106151v1

that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C.

§ 1332(d)(11)(B)(i). Specifically, the Complaint identifies 202 individuals each seeking to

recover money damages for alleged injuries sustained as a result of their Decedents' alleged

addiction to cigarettes manufactured by Defendants. Plaintiffs seek to have findings from Phase

I of the trial of the *Engle* case be applied to their claims on a res judicata basis. *See* Complaint,

at ¶ 3.1; *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246, 1269 (Fla. 2006).

### 5.    Amount in Controversy.

Based on the factual allegations of the Complaint, construed as true for the purposes of

assessing removal jurisdiction, the amount in controversy exceeds $5,000,000, exclusive of

interest and costs, because each of the 202 individual claims exceeds $75,000, exclusive of

interest and costs. *See* 28 U.S.C. § 1332. Where, as here, the jurisdictional amount is not

expressly alleged, it nevertheless can be ascertained where it is "facially apparent" or "readily

deducible" from the complaint. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.

2001); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).

Based on a fair reading of Plaintiffs' damages allegations, and the fact that this is a

wrongful death action involving allegedly serious injuries, including death, it is facially apparent

from the Complaint that the amount in controversy exceeds $5,000,000 in the aggregate, because

each of the 202 individual claims exceeds the sum of $75,000.00.   Plaintiffs seek all damages

allowed by the Florida Wrongful Death Act. Complaint, at ¶ 11.1. More specifically, in addition

to the deaths of their Decedents, Plaintiffs allege their Decedents to have suffered "mental and

emotional pain, medical and financial expenses, and shortened life expectancy." Complaint, at ¶

1.10. Plaintiffs further allege that their Decedents suffered "cigarette-related illnesses [which]

resulted in aggravation of previously existing conditions, physical pain and suffering, mental and

- 3 -

emotion [sic] distress, medical expenses, and shortened life expectancy." Complaint, at ¶ 1.10.

Moreover, Plaintiffs seek to recover punitive damages. *See* Complaint, at ¶ 1.1.[2]

These allegations leave no doubt that the amount in controversy is satisfied in this case.

*See Sanderson v. Daimler Chrysler Corp.*, Case No. 07-0559-WS-B, 2007 WL 2988222, at \*1-2

(S.D. Ala. Oct. 9, 2007) (applying *Williams* and *Lowery* and recognizing that based on individual

plaintiff's allegations of "serious and permanent disfigurement and scarring" the amount in

controversy was "facially apparent" or "readily deducible" on the face of the complaint). S*ee*

*also, e.g., Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (amount in

controversy exceeding $75,000 jurisdictional minimum was "facially apparent" based on an

individual plaintiff's "alleged damages for medical expenses, physical pain and suffering, mental

anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and

permanent disability and disfigurement"); *Torreblanca de Aguilar v. Boeing Co.*, 11 F.3d 55, 57

(5th Cir. 1993) (amount in controversy above jurisdictional minimum was "facially apparent"

where complaint included wrongful death claim alleging damages for "terror in anticipation of

death, loss of companionship, and funeral expenses" even though complaint "did not specify an

amount of damages"); *Richman v. Zimmer, Inc.*, 644 F. Supp. 540, 542 (S.D. Fla. 1986) (Paine,

J.) (action was removable when "a fair reading of the complaint in a state suit based on serious

physical injuries place[d] the defendant on notice as to the substantial amount of damages

involved . . . even though the plaintiff merely alleges the state court's minimum jurisdictional

amount.").

---

[2] Some Plaintiffs allege only that they suffered "the loss of the injured smokers' love, affection, support, services, protection, companionship, instruction and guidance, including past and future deprivation of the comfort, society and consortium of their spouse." *See, e.g.*, Compl. ¶ 1.11. These independent claims are properly included in the Court's determination as to the amount of controversy, and the allegedly injured smokers' claims would be sufficient to meet the jurisdictional amount in any event.

- 4 -

Indeed, no jury awarding damages in an individual (or any other) smoking and health

case has *ever* awarded a sum of less than $75,000 in damages to a prevailing plaintiff. *See* Chart

of Plaintiffs' Verdicts in Individual Smoking & Health Cases, attached as Exhibit 4 (in 24

verdicts awarding damages to individual plaintiffs, awards ranged from $165,000.00 to $28

billion).  Based on all of these verdicts in cases involving substantially similar allegations, a fair

assessment of the amount in controversy in this case easily exceeds $5,000,000 in the aggregate,

because each individual claim exceeds the sum of $75,000.00, exclusive of interest and costs.

*See Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004) (Easterbrook, J.) (recognizing that

"[r]emoval is proper if the defendant's estimate of the stakes is plausible").

For all the above-stated reasons, it is "facially apparent" and "readily deducible" from

Plaintiffs' Complaint that the amount in controversy exceeds the jurisdictional requirement.

**6.      Removal Is Timely.**  Plaintiffs commenced this action on January 10, 2008, and

no defendant has been served.  Therefore, this removal is timely.

**7.      Notice Given.**  Written notice of the filing of the Notice of Removal will be

promptly served on Plaintiffs' counsel, and a copy will be promptly filed with the Clerk of the

Circuit Court for Duval County, Florida, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice

of Filing of Notice of Removal to Federal Court is attached as Exhibit 5.

**8.      Pleadings and Process.**  As required by 28 U.S.C. § 1446(a) and Local Rule

4.02, Philip Morris USA has attached copies of all state court process and pleadings to this

Notice of Removal as Exhibit 6.

**9.      Venue.**  The United States District Court for the Middle District of Florida,

Jacksonville Division, embraces the county in which the state court action is now pending and,

therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 89(b), 1441(a).

- 5 -

**10.**    **Non-Waiver of Defenses.**  Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Removing Defendants' right to assert any defense or affirmative matter including, without limitation, the defenses of (1)  statute of limitations; (2) Plaintiffs' ineligibility for *Engle* treatment; (3) the inapplicability of the *Engle* Phase I findings; or (4) any other procedural or substantive defense available under state or federal law.

WHEREFORE, Defendants Philip Morris USA Inc. and R.J. Reynolds Tobacco Company, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, remove this action from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida to this Court.

104853v1
106151v1

On Behalf of Removing Defendants,

James B. Murphy, Jr. (FBN: 287598)
E-mail: jbmurphy@shb.com
Joshua R. Brown (FBN: 826391)
E-mail: jrbrown@shb.com
Terri Parker (FBN: 0021911)
E-mail: tparker@shb.com
SHOOK, HARDY & BACON L.L.P.
100 North Tampa Street, Suite 2900
Tampa, FL 33602
Telephone:      (813) 202-7100
Facsimile:      (813)-221-8837

Dana G. Bradford, III, Esq. (FBN: 167542)
E-mail: dgbradford@sgrlaw.com
SMITH GAMBRELL RUSSELL LLP
50 N. Laura Street
Suite 2600
Jacksonville, FL 32202

*Attorneys for Defendant Philip Morris USA Inc. (and filing on behalf of R.J. Reynolds Tobacco Company for this filing only)*

- 7 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S.

Mail on Plaintiffs' counsel listed below this 12th day of February, 2008.

*Attorneys for Plaintiffs:*
Norwood S. Wilner, Esq.
Stephanie J. Harley, Esq.
WILNER BLOCK, P.A.
3127 Atlantic Boulevard, Suite 3
Jacksonville, FL 32207

Charles Easa Farah, Jr.
THE LAW FIRM OF FARAH & FARAH
10 West Adams Street
Jacksonville, FL 32202

Michael A. London
DOUGLAS & LONDON, P.C.
111 John Street, 14th Fl.
New York, NY 10038

_____
Attorney for Philip Morris USA Inc.

104853v1
106151v1